UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEVEN CAMPBELL,

                              Plaintiff,

          -against-                                    9:96-CV-2037
                                                        (LEK/GJD)

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES, et al.,

                              Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on May

25, 2005 by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28

U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Plaintiff Steven Campbell

("Plaintiff") filed a response dated May 25, 2005 to the Motion for Summary Judgment filed by

Defendant Warren Barkley ("Barkley").  See Motion (Dkt. No. 119); Response (Dkt. No. 127).

Plaintiff's response was not considered by Magistrate Judge DiBianco.  See Report-

Recommendation (Dkt. No. 127).  As Plaintiff's response was filed in a timely manner, this

Court has considered Plaintiff's response and Plaintiff's objections filed on June 6, 2005 (Dkt.

No. 128) and has undertaken a de novo review of the record.  For the following reasons,

Barkley's motion for summary judgment is granted.

## I.    BACKGROUND

In this amended civil rights complaint, Plaintiff alleges that Barkley retaliated against

Plaintiff for the exercise of his constitutional rights.  Amended Compl. (Dkt. No. 32) at ¶ 58.

Plaintiff originally named numerous defendants in this action, claiming that all defendants retaliated against Plaintiff by falsely charging him with misbehavior as a result of his complaints against corrections officers.  The case was assigned to then-Magistrate Judge Ralph Smith, who on February 25, 1999, recommended granting a motion to dismiss with respect to many of the defendants.  (Dkt. No. 56).  This Court approved the recommendation on May 21, 1999.  (Dkt. No. 59).

The remaining defendants made a motion for summary judgment on May 25, 2000.  (Dkt. No. 84).  On November 15, 2001, this court granted the motion on behalf of all remaining defendants and ordered dismissal of the amended complaint in its entirety.  (Dkt. No. 102). Plaintiff appealed to the Second Circuit, and the Second Circuit agreed that the amended compliant should be dismissed as to all defendants mentioned.  (Dkt. No. 116).  However, the Second Circuit stated that the order did not consider Plaintiff's claim against Barkley.  Id.  The Second Circuit thus affirmed the dismissal as against all defendants except Barkley, vacated the decision as to Barkley, and remanded the matter to the district court for further consideration.

Barkley then made a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No. 119).  The motion was referred to Magistrate Judge DiBianco.  Plaintiff did not respond to the summary judgment motion on the merits, and instead filed a motion entitled "Motion to Strike Insufficient Defense."  (Dkt. No. 121).  Plaintiff apparently believed that since one motion for summary judgment had previously been filed by defendants, the latter motion on behalf of Barkley was inappropriate.  Barkley opposed Plaintiff's motion.  (Dkt. No. 124).  Magistrate Judge DiBianco denied Plaintiff's motion on April 25, 2005, and also granted

an additional thirty days in which Plaintiff could file his response to Barkley's motion for summary judgment. (Dkt. No 125). Plaintiff's response was therefore due on May 25, 2005. Since the response were delivered to prison officials on May 24, 2005 (Dkt. No. 127), the response was filed in a timely manner. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).

## II.    DISCUSSION

### 1.    Standard for Summary Judgment

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. FED. R. CIV. P. 56; Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). "Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion." Id. However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). At that point, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. Id.; see also Burt Rigid Box v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002) (citations omitted).

### 2.    Facts

Plaintiff states that Barkley held a disciplinary hearing against Plaintiff on May 14, 1997 and May 19, 1997. Plaintiff alleges that Barkley found Plaintiff guilty in retaliation for Plaintiff's complaints about other officers. Plaintiff had originally named other corrections officers in his

- 3 -

amended complaint alleging that they filed false misbehavior reports against him in retaliation for his complaints against the corrections officers. One of the allegedly false misbehavior reports was the report that led to the hearing by Barkley. Magistrate Judge Smith, this Court, and the Second Circuit all found that Plaintiff's claims of retaliation against the officers were not meritorious, and all the other defendants in this action have been dismissed.

Barkley has submitted the appeal packet from the disciplinary hearing in question. Disciplinary Packet (Dkt. No. 119, Ex. A). The misbehavior report was written by former defendant LaBombard and charged Plaintiff with three disciplinary rule violations: disobeying a direct order, interference with an employee, and creating a disturbance. Id. at 8. The misbehavior report stated that on May 10, 1997, former defendant LaBombard ordered Plaintiff to pack his belongings because he was going to be moved to another housing unit, but Plaintiff refused to obey that order and asked to see a sergeant with a camera. Sergeant Craig arrived, and Plaintiff ignored several other similar orders from Sergeant Craig that followed. Officer LaBombard also stated that Plaintiff had approximately fifteen or twenty inmates following him around the recreation room creating a disturbance. LaBombard stated that after several direct orders from Sergeant Craig, Plaintiff finally complied and went with the sergeant. Id.

Barkley conducted the hearing and found Plaintiff guilty of the misbehavior. Plaintiff was sentenced to 120 days keeplock as well as a 120 day loss of various privileges, and a 120 day loss of good time. Id. at 5. Plaintiff appealed the decision, claiming that the misbehavior report was false and a form of retaliation, that the testimony at the disciplinary hearing was inconsistent, that Plaintiff was not allowed to as LaBombard any questions, and that the hearing officer was

- 4 -

biased.  Plaintiff also claimed that the penalty was excessive.  Id. at 2-4.  The hearing officer's determination was affirmed on appeal.

Plaintiff then filed an Article 78 proceeding which was transferred from the Albany County Court to the New York State Appellate Division, Third Department.  Disciplinary Packet (Dkt. No. 119, Ex. B).  The Appellate Division found that Plaintiff's claims, including hearing officer bias, were without merit.  Campbell v. Goord, 679 N.Y.S.2d 721 (3d Dep't 1998).

**3.    Form of Relief**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. §1983 ("section 1983") if a judgment in his or her favor "would necessarily imply the invalidity of his conviction or sentence."  Id. at 487.  If a judgment in favor of Plaintiff would necessarily invalidate his conviction or sentence, it is incumbent upon the Plaintiff to prove that the conviction or sentence has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court.  Id. at 486-87.

Edwards v. Balisok, 520 U.S. 641 (1997), extended the rationale in Heck to apply to section 1983 challenges to prison disciplinary hearings in which a decision in Plaintiff's favor would imply the invalidity of a determination to revoke good-time credits, thereby affecting the length of the Plaintiff's confinement.  Edwards, 520 U.S. at 644.  The Supreme Court held that such a section 1983 claim is not cognizable even where the prisoner does not challenge the actual outcome of the hearing.  Id. at 648.

In this case, Plaintiff alleges that Barkley's finding of guilt in Plaintiff's disciplinary hearing was in retaliation for Plaintiff's complaints against other officers. In order to find in Plaintiff's favor, the court would have to find first that Plaintiff's protected activity was a substantial or motivating factor in the decision to discipline Plaintiff. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Even if plaintiff were successful in showing that retaliation was a motivating factor in the defendant's action, defendant could avoid liability by showing that the challenged action would have occurred in absence of the protected conduct; that plaintiff would have received the same punishment even if defendant was not improperly motivated. Id. at 80. Thus, in order to find in favor of Plaintiff on his retaliation claim, the Court would necessarily invalidate the disciplinary finding.

Part of Plaintiff's sentence in this case was a 120 day recommended loss of good time. According to Edwards v. Balisok, in order to maintain this action against Barkley, Plaintiff would have to show that the disciplinary finding supporting this loss of good time had somehow been invalidated, whether on administrative appeal or by court order. Edwards, 520 U.S. at 644. Plaintiff has not done so in this case. In fact, Plaintiff was unsuccessful not only on administrative appeal, but in his Article 78 proceeding before the Appellate Division. Thus, Edwards v. Balisok prevents Plaintiff from maintaining this action, and Barkley is entitled to summary judgment as a matter of law.

**III.    CONCLUSION**

For the reasons set forth above, it is hereby:

ORDERED, that Defendant Barkley's Motion for Summary Judgment (Dkt. No. 119) is

**GRANTED**, and the complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail

upon the parties to this action.

IT IS SO ORDERED.

DATED:        September 22, 2005
             Albany, New York


_____
       Lawrence E. Kahn
       U.S. District Judge

- 7 -